**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **STELLAR INVESTMENTS TRUST,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-19-1982 |
| | * |
| **JEFFREY K. DIAMOND,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Stellar Investment Trust initiated this wrongful detainer action in the District Court of Maryland for Montgomery County ("State Court"). ECF No. 1-2. Following removal of this action to this Court by Defendant Jeffrey K. Diamond, Plaintiff filed a Motion to Remand. ECF No. 5. No hearing is necessary to resolve the pending motion. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Remand is granted.

**I.    BACKGROUND**

On December 14, 2018, Defendant's title and interest in real property located at 18 Stapleford Hall Court, Potomac, Maryland 20854 ("the Property") was extinguished pursuant to a ratified foreclosure sale. *See O'Sullivan v. Diamond*, No. 417984V (Mont. Cty. Cir. Ct.). On April 9, 2019, Plaintiff purchased the Property from the foreclosure purchaser. ECF No. 5-2. Because Defendant and his wife refused to vacate and surrender possession of the Property, Plaintiff filed a Complaint for Wrongful Detainer against both parties in State Court pursuant to § 14-132 of Maryland's Real Property Code. ECF No. 1-2. Defendant and his wife were served by mailing and posting, and not by personal service, so the State Court's jurisdiction was limited

1

to *in rem* jurisdiction. ECF No. 5-4. On June 7, 2019, Defendant filed an Answer and purported to file counterclaims, ECF No. 5-5, which are prohibited in wrongful detainer actions, *see* Md. Code. Ann., Real Prop. § 14-132. At trial on July 3, 2019, the State Court entered a possession judgment in favor of Plaintiff and set an appeal bond at $130,000. ECF No. 5-3 at 4.[1]

On July 7, 2019, Defendant filed a Notice of Removal in this Court. ECF No. 1-1.[2] Defendant's Civil Cover Sheet stated that this case was filed under "Constitution, Registered Securities, Protection of Tenant in Foreclosure," and the cause of action was "[u]sing federal registered security as a 'deed' to defraud homeowner from title to residence he possesses." ECF No. 1. In response to the Standing Order Concerning Removal, Defendant asserted that "[he] was never officially served with anything remotely resembling a summons in Wrongful Detainer," and that "this case is based upon several federal questions, including the fact that the Federal Housing Finance Agency (FHFA) is an indispensable party to this case and the 'deed' on which the Plaintiff relies is in truth a Federally registered stock certificate complete with CUSIP number." ECF No. 4-1 ¶¶ 1, 2. On August 5, 2019, Plaintiff filed a Motion to Remand. ECF No. 5. The Motion was served on Defendant's counsel through the Court's CM/ECF System and via first class mail, postage prepaid. *Id.* at 3. Defendant did not file a response.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Defendant's original Notice of Removal listed the parties and case number for *O'Sullivan v. Diamond*, Case No. GJH-19-818 (D. Md.), which is a related removal case based on the original foreclosure action. Defendant filed a Supplemental Notice of Removal on July 8, 2019 that listed the parties and case number for this case. ECF No. 2.

2

federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to '*demonstrat[e]* that removal jurisdiction is proper.'" *Id.* (quoting *Strawn*, 530 F.3d at 297) (emphasis in original). Here, Defendant has not met his burden because he has not responded to Plaintiff's removal challenge and the Court lacks both federal question and diversity jurisdiction.

Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). This case involves no such causes of action; rather, this case is an *in rem* wrongful detainer action arising under Maryland state law, involving property located in Maryland. Moreover, even if, as Defendant seems to imply on the Civil Cover Sheet and in his response to the Standing Order Concerning Removal, Defendant has federal defenses or counterclaims to Plaintiffs' wrongful detainer action, these are not sufficient to support removal based on federal question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (stating that a counterclaim "cannot serve as the basis for [federal question] jurisdiction"); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction…"). The Court therefore lacks federal question jurisdiction and removal on this ground was improper.

Any attempt to remove this action based on diversity jurisdiction is similarly improper. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Here, it is undisputed that both Plaintiff and Defendant are citizens of Maryland. As a result, the Court lacks diversity jurisdiction and remand is necessary.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted. This action is remanded to the District Court of Maryland for Montgomery County. A separate Order shall issue.

Date: <u>October  15, 2019</u>                <u>   /s/                                </u>
                                                                                                                                                               GEORGE J. HAZEL
                                                                                                                                                                United States District Judge